**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 18 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARIO JOSE RODRIGUEZ-
ALVARADO,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.    16-72425

Agency No. A206-736-731

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 16, 2019[**]
San Diego, California

Before:  HURWITZ, OWENS, and LEE, Circuit Judges.

Mario Jose Rodriguez-Alvarado, a native and citizen of El Salvador,

petitions for review of a final removal order of the Board of Immigration Appeals

("BIA") dismissing his appeal from the decision of an Immigration Judge ("IJ")

denying asylum, withholding of removal, and protection under the Convention

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Against Torture ("CAT"). As the parties are familiar with the facts, we do not recount them here. We have jurisdiction under 8 U.S.C. § 1252, and deny the petition.

1.  Substantial evidence supports the BIA's determination that Rodriguez-Alvarado failed to demonstrate eligibility for asylum or withholding of removal.

Substantial evidence supports the BIA's determination that Rodriguez-Alvarado failed to present sufficient evidence that his proposed particular social group of "young males from El Salvador taking concrete steps to avoid gang recruitment" had "the requisite particularity and social distinction to be cognizable." To be cognizable, a "particular social group" must be "(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question." *Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016). Although this court has determined that "persons taking concrete steps to oppose gang membership and gang authority" may plausibly constitute a particular social group, "the agency must make a case-by-case determination as to whether the group is recognized by the particular society in question." *Pirir-Boc v. Holder*, 750 F.3d 1077, 1084 (9th Cir. 2014).

Substantial evidence supports the BIA's determination that Rodriguez-Alvarado failed to meet the particularity requirement because he did not establish that Salvadoran society recognizes his proposed group "as a discrete class of persons." *Reyes*, 842 F.3d at 1134 (citation omitted). Rodriguez-Alvarado's general evidence about gang violence does not compel the conclusion that Salvadoran society considers "young males from El Salvador taking concrete steps to avoid gang recruitment" as a distinct social group. *See id.* at 1138. Even if Rodriguez-Alvarado had presented sufficient evidence that his proposed particular social group were cognizable, substantial evidence supports the BIA's determination that he failed to meet the "nexus" requirement because he did not show that the gangs targeted him based on his membership in that group, and not simply for monetary gain or to increase gang membership. *Id.* at 1132 n.3.

Substantial evidence also supports the BIA's determination that Rodriguez-Alvarado's refusal to join the gang or comply with their demands, standing alone, did not constitute an imputed political opinion. *See Barrios v. Holder*, 581 F.3d 849, 856 (9th Cir. 2009) (rejecting the petitioner's argument that he was persecuted on account of a political opinion because, despite his refusal to join the gang, he "failed to present evidence that he was politically or ideologically opposed to the ideals espoused by the gang that recruited him (or to gangs in general), or that the gang imputed to him any particular political belief"), *abrogated in part on other*

3

*grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1093 (9th Cir. 2013) (en banc). Nor did the gang members' purported belief that Rodriguez-Alvarado was aligned with a rival gang constitute an imputed political opinion. *Cf. Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010). In any event, Rodriguez-Alvarado failed to meet the "nexus" requirement because he did not show that gang members targeted him on account of any imputed political opinion. *See Barrios*, 581 F.3d at 856 (stating that rather than political opinion, "[t]he evidence instead supports the conclusion that the gang victimized him for economic and personal reasons"); *see also Zetino*, 622 F.3d at 1016 (stating that a petitioner's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground").

2.      Finally, substantial evidence supports the BIA's determination that Rodriguez-Alvarado does not qualify for CAT protection. Rodriguez-Alvarado failed to show that he fears severe pain or suffering "inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity" if returned to El Salvador. 8 C.F.R. § 208.18(a)(1); *see also Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016) ("[A] general ineffectiveness on the government's part to investigate and prevent crime will not suffice to show acquiescence.").

**PETITION FOR REVIEW DENIED**.

4